UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, | ) ) | Index No.: 07-CIV-7742 (KMK) |
|---|---|---|
| Plaintiffs, | ) ) ) | AFFIDAVIT FOR JUDGMENT BY DEFAULT |
| -against- | ) ) | |
| R-S INSTALLATIONS INC., | ) ) | |
| Defendant. | ) ) ) | |

---

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF WESTCHESTER )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiffs' Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, R-S Installations Inc. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to require the Employer to permit and cooperate in the conduct of an audit pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer.

5. This action was commenced on August 30, 2007 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on September 11, 2007 via New York's Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on September 17, 2007. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the plaintiffs' Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions, then the Employer is liable for the additional amount of statutory damages, together with attorneys' fees, auditors' fees, interest on the unpaid principal assessed at the prime rate plus 2% from the date the contributions were due to the date of the audit findings, liquidated damages equivalent to 10% of the total amount of contributions, costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA, 29 U.S.C. Section 1132.

10. The Employer as party to the C.B.A. is also required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining if all required fringe benefits contributions have been paid to the Funds and verifying the accuracy of the Employer reports.

11. The Employer has failed and refused to permit access to their books and records for the 911 Central Park Avenue, Scarsdale, New York Job and is liable for any delinquency contributions determined by a future audit together with the additional attorneys' fees, auditors' fees, interest on the unpaid principal and liquidated damages pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132. A copy of the requests for an audit is attached hereto as Exhibit "B".

12. The amounts set forth in the Statement of Damages are justly due and owing and no part thereof have been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts.

| | | |
|---|---|---|
| (a) Filing Fee paid to the Clerk of the Court of the S.D.N.Y. | | $350.00 |
| (b) Statutory fee paid to the NYS Secretary of State in | | |
| connection with service upon the Employer | | $ 40.00 |
| | Total: | $390.00 |

13. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

14. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court

filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 6.4 hours @ $250.00 per hour = $1,600.00 and 2.3 hours @ $100 per hour = $230.00. This rate and fee are reasonable and justified given the circumstances of this matter.

15. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $1,830.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

16. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| | | |
|---|---|---|
| August 6, 2007 | Prepared and sent demand letter to the defendant | 0.5 hours |
| August 26, 2007 | Reviewed client statements and prepared complaint | 2.5 hours |
| August 27, 2007 | Prepared and filed civil cover sheet, summons, and rule 7.1 statement | 1.8 hours |
| September 17, 2007 | Filed affidavit of service | 0.5 hours |
| December 31, 2007 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 3.4 hours |
| | | 8.7 hours |

17. As a result of Defendant's default, Plaintiffs are entitled to damages as follows:

(a) $2,000.00 in attorneys' fees; court costs and disbursements in the amount of $390.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

(b) An Order for an audit of the Defendant's books and records (including, but not limited to, payroll taxes, payroll earnings, records, stamps receipts, cash disbursements, tax forms, journals) for the 911 Central Park Avenue, Scarsdale, New York Job.

(c) Judgments for any unpaid contributions owed for the 911 Central Park Avenue, Scarsdale, New York Job, including liquidated damages calculated at 10% of the principal amount due, interest at a rate of 2% of the principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

**WHEREFORE,** plaintiffs request the entry of default and entry of judgment for attorneys' fees and court costs and disbursements in the amount of $2,220.00 and an Order directing Defendant to permit and cooperate in the conduct of an audit of Defendant's payroll books and records for the 911 Central Park Avenue, Scarsdale, New York Job and permitting plaintiffs to amend this judgment to include the additional amounts determined by the aforesaid audit to be due and owing, together with the interest, liquidated damages, further audit costs and attorneys' fees and costs upon fifteen (15) days written notice to defendant.

Dated: Elmsford, New York
January 3, 2008

Dana L. Henke, Esq. (DLH3025)
BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
3rd day of January, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010